IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-437-D

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MARSHA ANN KENNON, | ) | |
| | ) | |
| Defendant. | ) | |

On October 7, 2020, Marsha Ann Kennon ("Kennon" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed exhibits in support [D.E. 49]. On January 28, 2021, Kennon, through counsel, filed a memorandum and an exhibit in support of her motion for compassionate release [D.E. 52]. On February 11, 2021, the government responded in opposition and filed exhibits in support [D.E. 54]. As explained below, the court denies Kennon's motion.

I.

On April 15, 2019, with a written plea agreement, Kennon pleaded guilty to conspiracy to distribute and possess with intent to distribute a quantity of methamphetamine. See [D.E. 1, 37, 38]. On August 6, 2019, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 45–47]. The court calculated Kennon's total offense level to be 25, her criminal history category to be I, and her advisory guideline range to be 57 to 71 months' imprisonment. See [D.E. 47] 1. After granting both the government's and Kennon's motions for downward departure, and thoroughly considering all relevant factors under

18 U.S.C. § 3553(a), the court sentenced Kennon to 42 months' imprisonment. See [D.E. 46] 2; [D.E. 47] 2. Kennon did not appeal.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another

2

extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

    (II) suffering from a serious functional or cognitive impairment, or

    (III) experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.—

    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, No. 20-7009, 2021 WL 1216543, at *3–4 (4th Cir. Apr. 1, 2021); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 2021 WL 1216543, at *3–4. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the

---

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On May 13, 2020, Kennon submitted a compassionate release request to the Warden, which was denied on June 2, 2020. See [D.E. 49-2]; [D.E. 52] 1. The government has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020); cf. [D.E. 54] 3.[2] Accordingly, the court addresses Kennon's claim on the merits.

Kennon seeks compassionate release pursuant to section 3582(c)(1)(A). In support of her request, Kennon cites the COVID-19 pandemic and her asthma, hypertension, obesity, chronic obstructive pulmonary disease ("COPD"), history of smoking, and use of a CPAP machine. See [D.E. 49] 1; [D.E. 49-1] 1; [D.E. 49-3]; [D.E. 49-4]; [D.E. 52] 4; [D.E. 52-1]. Kennon also cites the conditions at FCI Alderson, her rehabilitation efforts, her release plan, and her family circumstances. See [D.E. 49] 2, 5–8; [D.E. 49-1]; [D.E. 52] 2, 6–7.

As for the medical condition of the defendant policy statement, the policy statement requires that the defendant is "suffering from a serious physical or medical condition ... from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Although Kennon states that she suffers from asthma, hypertension, obesity, COPD, has a history of smoking, and uses a CPAP machine, she has not demonstrated that she is not going to recover from these conditions or that they

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

5

cannot be treated while Kennon serves her sentence. Accordingly, reducing Kennon's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the family circumstances policy statement, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(C)(i). Although Kennon contends that her parents are struggling to care for her son, she does not state that her parents are incapacitated or unable to care for her son. See [D.E. 49-1] 1–2. Accordingly, reducing Kennon's sentence is not consistent with application note 1(C). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Kennon's medical conditions, Kennon's rehabilitation efforts, Kennon's family circumstances, and her release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Kennon's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 2021 WL 1216543, at *4–5; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Kennon is 44 years old and engaged in serious criminal conduct in 2017 and 2018. See PSR ¶¶ 8–13. As a member of a drug trafficking conspiracy, conservatively, Kennon is accountable for possessing with the intent to distribute and/or distributing 1.19 kilograms of methamphetamine. See id. In the presence of her minor child, Kennon used and maintained her home for the purposes of distributing methamphetamine. See id. ¶¶ 8–13, 47. Kennon also used methamphetamine in the

6

presence of her child. See id. ¶ 12. Kennon received a sentence below the advisory guideline range, reflecting her minimal criminal history and role in the conspiracy. Reducing Kennon's sentence further would threaten public safety and not promote respect for the law. Although Kennon has taken some positive steps while incarcerated, she has not completed her GED and withdrew from resident drug treatment. See [D.E. 49-1] 2–3; [D.E. 52] 2, 6–7; [D.E. 54-4].

The court has considered Kennon's exposure to COVID-19, her medical conditions, her rehabilitation efforts, her family circumstances, and her release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Kennon's arguments, the government's persuasive response, and the need to punish Kennon for her serious criminal behavior, to incapacitate Kennon, to promote respect for the law, to deter others, and to protect society, the court declines to grant Kennon's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

II.

In sum, the court DENIES Kennon's motion for compassionate release [D.E. 49].

SO ORDERED. This 12 day of May 2021.

JAMES C. DEVER III
United States District Judge

7